UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Moon Sup Um,<br><br>        Plaintiff,<br><br>  v.<br><br>Bank of America Corporation, et al.,<br><br>        Defendants. | ) Case No. **CV 09-9055-JFW (AGRx)**<br>)<br>) **STANDING ORDER**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**READ THIS ORDER CAREFULLY. IT CONTROLS THE CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

    This action has been assigned to the calendar of Judge John F. Walter. Both the Court and counsel bear responsibility for the progress of litigation in Federal Court. To secure the just, speedy, and inexpensive determination of every action, Fed.R.Civ.P. 1, all counsel are ordered to familiarize themselves with the Federal Rules of Civil Procedure, the Local Rules of the Central District of California, and the Judge's Procedures and Schedules found on the website for the United States District Court for the Central District of California (www.cacd.uscourts.gov).

1  IT IS HEREBY ORDERED:

2  **1.  Service of the Complaint**: The plaintiff shall
3  promptly serve the Complaint in accordance with Fed.R.Civ.P.
4  4 and shall file the proof(s) of service pursuant to Local
5  Rule 5-3.  **The plaintiff is hereby notified that failure to**
6  **serve the Complaint within 120 days as required by**
7  **Fed.R.Civ.P. 4(m) will result in the dismissal of the**
8  **Complaint against the unserved defendant(s).**

9  **2.  Presence of Lead Counsel**: Lead trial counsel shall
10 attend all proceedings before this Court, including all
11 scheduling, status, and settlement conferences.  Only ONE
12 attorney for a party may be designated as lead trial counsel
13 unless otherwise permitted by the Court.

14 **3.  Electronic Filing and Courtesy Copies:**
15 (a) Within ten days of a party's initial appearance, lead
16 trial counsel shall file a declaration entitled, "Declaration
17 of Lead Trial Counsel re: Compliance with General Order
18 07-08" which shall notify the Court that counsel has
19 registered as an "ECF User."  The declaration shall include
20 counsel's "E-Mail Address of Record" and shall state whether
21 counsel has consented or elected not to consent to service
22 and receipt of filed documents by electronic means.

23 If counsel has not consented to the service and receipt
24 of filed documents by electronic means, counsel shall
25 immediately file and serve via U.S. Postal Service on all
26 parties who have appeared in the action a Notice advising all
27 parties that counsel has elected not to consent to electronic
28 service of documents in this action.

Any counsel who elects not to accept service or receipt of documents by electronic means shall be required to serve all documents in the action via U.S. Postal Service.

(b) All documents that are required to be filed in an electronic format pursuant to General Order No. 08-02 shall be filed electronically no later than 4:00 p.m. on the date due unless otherwise ordered by the Court. Any documents filed electronically after 4:00 p.m. on the date due will be considered late and may be stricken by the Court. Any documents which counsel attempt to file electronically which are improperly filed <u>will not</u> be accepted by the Court.

(c) Counsel are ORDERED to deliver **2 courtesy copies** of all documents filed electronically in this action to Chambers. For each document filed electronically, one courtesy copy shall be marked "CHAMBERS COPY" and the other shall be marked "COURTESY COPY." On the first page of each courtesy copy, in the space between lines 1 - 7 to the right of the center, counsel shall include the date the document was e-filed and the document number. The courtesy copies shall be delivered to Chambers no later than 10:00 a.m. on the next business day after the document was electronically filed.

(d) For any document that is not required to be filed electronically, counsel are ORDERED to deliver 1 conformed courtesy copy of the document to Chambers **at the time of filing**.

(e) When a proposed order accompanies an electronic filing, a WordPerfect or Word copy of the proposed order,

along with a copy of the PDF electronically filed main document shall be e-mailed to JFW_Chambers@cacd.uscourts.gov. The subject line of the e-mail shall be in the following format: court's divisional office, year, case type, case number, document control number assigned to the main document at the time of filing, judge's initials and filer (party) name.  Failure to comply with this requirement may result in the denial or striking of the request or the Court may withhold ruling on the request until the Court receives the required documents.

**4. Discovery:**

(a) All discovery matters have been referred to a United States Magistrate Judge.  (The Magistrate Judge's initials follow the Judge's initials next to the case number.)  All discovery documents must include the words "DISCOVERY MATTER" in the caption to ensure proper routing.  Counsel are directed to contact the Magistrate Judge's Courtroom Deputy Clerk to schedule matters for hearing.

All decisions of the Magistrate Judge shall be final, subject to modification by the District Court only where it is shown that the Magistrate Judge's Order is clearly erroneous or contrary to law.  Any party may file and serve a motion for review and reconsideration before this Court.  The moving party must file and serve the motion within ten days of service of a written ruling or within ten days of an oral ruling that the Magistrate Judge states will not be followed by a written ruling.  The motion must specify which portions of the ruling are clearly erroneous or contrary to law and

4

support the contention with a memorandum of points and authorities.  Counsel shall deliver a courtesy copy of the moving papers and responses to the Magistrate Judge.

(b) Unless there is a likelihood that upon motion by a party the Court would order that any or all discovery is premature, counsel should begin to actively conduct discovery before the Scheduling Conference.  At the very least, the parties shall comply fully with the letter and spirit of Fed.R.Civ.P. 26(a) and thereby obtain and produce most of what would be produced in the early stages of discovery, because at the Scheduling Conference the Court will impose tight deadlines to complete discovery.

**5.   Motions:**

**(a) Time for Filing and Hearing Motions:** Motions shall be filed in accordance with Local Rule 7.  This Court hears motions on **Mondays commencing at 1:30 p.m.**  Once a party has noticed a motion for hearing on a particular date, the hearing shall not be continued without leave of Court.  No supplemental briefs shall be filed without leave of Court.  Courtesy copies shall be provided to the Court in accordance with paragraph 3 of this Order.

Many motions to dismiss or to strike could be avoided if the parties confer in good faith (as they are required to do under Local Rule 7-3),[1] especially for perceived defects in a

---

[1] Among other things, Local Rule 7-3 requires counsel to engage in a pre-filing conference "to discuss thoroughly. . . the substance of the contemplated motion and any potential resolution." Counsel should discuss the issues with sufficient detail so that if a motion is still necessary, the
(continued...)

1 Complaint, Answer, or Counterclaim which could be corrected
2 by amendment. *See, e.g., Chang v. Chen*, 80 F.3d 1293, 1296
3 (9th Cir. 1996)(where a motion to dismiss is granted, a
4 district court should provide leave to amend unless it is
5 clear that the Complaint could not be saved by any
6 amendment). Moreover, a party has the right to amend its
7 Complaint "once as a matter of course at any time before a
8 responsive pleading is served." Fed.R.Civ.P. 15(a). Even
9 after a Complaint has been amended or a responsive pleading
10 has been served, the Federal Rules provide that leave to
11 amend should be "freely given when justice so requires."
12 Fed.R.Civ.P. 15(a). The Ninth Circuit requires that this
13 policy favoring amendment be applied with "extreme
14 liberality." *Morongo Band of Mission Indians v. Rose*, 893
15 F.2d 1074, 1079 (9th Cir. 1990).
16   These principles require counsel for the plaintiff to
17 carefully evaluate the defendant's contentions as to the
18 deficiencies in the Complaint, and in many instances, the
19 moving party should agree to any amendment that would cure a
20 curable defect.
21   In the event the Court grants a motion to dismiss without
22 prejudice to re-filing an amended complaint, the plaintiff
23 shall file an amended complaint within the time period
24 specified by the Court. If no time period is specified by

---

[1](...continued)
briefing may be directed to those substantive issues requiring resolution by the Court. Counsel should resolve minor procedural or other nonsubstantive matters during the conference.

1  the Court, the plaintiff shall file an amended complaint
2  within 10 days of the date of the order granting the
3  plaintiff leave to file an amended complaint.  Failure to
4  file an amended complaint within the time allotted will
5  result in the dismissal of the action with prejudice.
6      In addition to the requirements of Local Rule 15, all
7  motions to amend the pleadings shall: (1) state the effect of
8  the amendment; (2) be serially numbered to differentiate the
9  amendment from previous amendments; and (3) state the page,
10 line number(s), and wording of any proposed change or
11 addition of material.
12     The parties shall deliver to Chambers a redlined version
13 of the proposed amended pleading indicating all additions
14 and/or deletions of material.
15     **(b) Length and Format of Motion Papers: Memoranda of**
16 **Points and Authorities in support of or in opposition to**
17 **motions shall not exceed 25 pages.  Replies shall not exceed**
18 **12 pages.**  Only in rare instances and for good cause shown
19 will the Court grant an application to extend these page
20 limitations.  Courtesy copies of all evidence in support of
21 or in opposition to a motion, including declarations and
22 exhibits to declarations, shall be separated by a tab divider
23 on the bottom of the page.  If evidence in support of or in
24 opposition to a motion exceeds twenty pages, the courtesy
25 copies of the evidence must be in separately bound volumes
26 and include a Table of Contents.  If such evidence exceeds
27 fifty pages, the Court's courtesy copies of such evidence
28 shall be placed in a slant D-ring binder with each item of

1  evidence separated by a tab divider on the right side.  All
2  documents contained in the binder must be three hole punched
3  with the oversized 13/32" hole size, not the standard 9/32"
4  hole size.

5  **Typeface shall comply with Local Rule 11-3.1.1. NOTE: If**
6  **Times Roman is used, the font size must be no less than 14;**
7  **if Courier is used, the font size must be no less than 12.**
8  Footnotes shall be in the same typeface and font size as the
9  text and shall be used sparingly.

10  Documents which do not conform to the Local Rules and
11  this Order will not be considered.

12  **(c) Citations to Case Law:** Citations to case law **must**
13  identify not only the case being cited, but the specific page
14  referenced.

15  **(d) Citations to Other Sources:** Statutory references
16  should identify, with specificity, which sections and
17  subsections are being referenced (*e.g.*, Jurisdiction over
18  this claim for relief may appropriately be found in 47 U.S.C.
19  § 33, which grants the district courts jurisdiction over all
20  offenses of the Submarine Cable Act, whether the infraction
21  occurred within the territorial waters of the United States
22  or on board a vessel of the United States outside said
23  waters).  Statutory references which do not specifically
24  indicate the appropriate section and subsection (*e.g.*,
25  Plaintiffs allege conduct in violation of the Federal
26  Electronic Communication Privacy Act, 18 U.S.C. § 2511, *et*
27  *seq.*) are to be **avoided**.  Citations to treatises, manuals,
28

and other materials should similarly include the volume and the section referenced.

**(e) Proposed Orders:** Each party filing or opposing a motion or seeking the determination of any matter shall prepare and submit to the Court a separate Proposed Order in accordance with General Order 08-02.  The Proposed Order shall set forth the relief or action sought and a brief statement of the rationale for the decision with appropriate citations.

**Caveat:  Failure to respond to any motion shall be deemed by the Court as consent to the granting of the motion.  *See* Local Rule 7-12.**

  **6.   Ex Parte Applications:**  Ex parte applications are solely for extraordinary relief.  *See Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995). Applications that fail to conform with  Local Rules 7-19 and 7-19.1, including a statement of opposing counsel's position, will not be considered.  In addition to electronic service, the moving party shall immediately serve the opposing party by fax or hand service and shall notify the opposing party that any opposition must be filed not later than twenty-four hours after the filing of the ex parte application.  If counsel do not intend to oppose the ex parte application, counsel must inform the Courtroom Deputy Clerk by e-mail or telephone.  The Court considers ex parte applications on the papers and usually does not set the matters for hearing. Courtesy copies of all moving, opposition, or non-opposition papers shall be provided to the Court in accordance with

paragraph 3 of this Order. The Courtroom Deputy Clerk will notify counsel of the Court's ruling or a hearing date and time, if the Court determines a hearing is necessary.

    **7. Applications or Stipulations to Extend the Time to File any Required Document or to Continue Any Date:** No applications or stipulations extending the time to file any required document or to continue any date are effective until and unless the Court approves them. Both applications and stipulations must set forth:

    (a) the existing due date or hearing date, as well as all dates set by the Court in the Scheduling and Case Management Order, including the discovery cut-off date, the Pre-Trial Conference date, and the Trial date;

    (b) the new dates proposed by the parties;

    (c) specific, concrete reasons supporting good cause for granting the extension; and

    (d) whether there have been prior requests for extensions by any party, and whether those requests were granted or denied by the Court.

All applications and stipulations must be accompanied by a separate and independent proposed order which must be submitted to the Court in accordance with General Order 08-02. Failure to submit a separate proposed order may result in the denial of the application or stipulation or the Court may withhold ruling on the application or stipulation until the Court receives a separate proposed order.

    **8. TROs and Injunctions:** Parties seeking emergency or provisional relief shall comply with Fed.R.Civ.P. 65 and

Local Rule 65.  The Court will not rule on any ex parte application for such relief for at least twenty-four hours after the filing of the ex parte application; a party may file opposing or responding papers in the interim.  Courtesy copies shall be provided to the Court in accordance with paragraph 3 of this Order.

**9.  Proposed Protective Orders and Filings Under Seal:** Protective orders pertaining to discovery must be submitted to the assigned magistrate judge.  Proposed protective orders should not purport to allow, without further order of court, the filing under seal of pleadings or documents filed in connection with a hearing or trial before Judge Walter.  The existence of a protective order does not alone justify the filing of pleadings or other documents under seal, in whole or in part.

An application to file documents under seal must meet the requirements of Local Rule 79-5 and General Order 08-02. Documents that are not confidential or privileged in their entirety should not be filed under seal if the confidential portions can be redacted  and filed separately.  The parties should file both a complete version of the pleadings and documents under seal, and a redacted version for public viewing, omitting only such portions as the Court has ordered may be filed under seal.

There is a strong presumption of access to court records in civil cases.  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  For each document or other

type of information sought to be filed under seal, the party seeking protection must identify and discuss the factual or legal justification for the Court to find good cause that such document or type of information should be protected.

    **10. <u>Cases Removed From State Court</u>:** All documents filed in state court, including documents appended to the Complaint, Answer(s), and Motion(s), must be re-filed in this Court as a supplement to the Notice of Removal. *See* 28 U.S.C. § 1447(a),(b). If the defendant has not yet answered or moved, the Answer or responsive pleading filed in this Court must comply with the Federal Rules of Civil Procedure and the Local Rules of the Central District. If before the case was removed a motion was pending in state court, it must be re-noticed in accordance with Local Rule 7.

    **11. <u>Status of Fictitiously Named Defendants</u>:** This Court adheres to the following procedures when a matter is removed to this Court on diversity grounds with fictitiously named defendants referred to in the Complaint: (*See* 28 U.S.C. §§ 1441(a) and 1447.)

    (a) Plaintiff shall ascertain the identity of and serve any fictitiously named defendants within 120 days of the date that the Complaint was filed in State Court.

    (b) If plaintiff believes (by reason of the necessity for discovery or otherwise) that fictitiously named defendants cannot be fully identified within the 120-day period, an ex parte application requesting permission to extend the period to effectuate service may be filed with the Court. Such application shall state the reasons therefore, and may be

granted upon a showing of good cause. The ex parte application shall be served upon all appearing parties, and shall state that appearing parties may respond within seven calendar days of the filing of the ex parte application.

(c) If plaintiff desires to substitute a named defendant for one of the fictitiously named defendants, plaintiff shall first seek the consent of counsel for all defendants (and counsel for the fictitiously named party, if that party has separate counsel). If consent is withheld or denied, plaintiff may apply ex parte requesting such amendment, with notice to all appearing parties. Each party shall have seven calendar days to respond. The ex parte application and any response should comment not only on the substitution of the named party for a fictitiously named defendant, but on the question of whether the matter should thereafter be remanded to the Superior Court if diversity of citizenship is destroyed by the addition of the new substituted party. *See* 28 U.S.C. § 1447(c),(d).

**12. Bankruptcy Appeals:** Counsel shall comply with the NOTICE REGARDING APPEAL FROM BANKRUPTCY COURT issued at the time the appeal is filed in the District Court. The matter is considered submitted upon the filing of the final brief. No oral argument is held unless ordered by the Court.

**13. Communications with Chambers:** Counsel shall not attempt to contact the Court or its Chambers staff by telephone or by any other ex parte means, although counsel may contact the Courtroom Deputy Clerk, at (213) 894-5396 or shannon_reilly@cacd.uscourts.gov, with appropriate inquiries.

To facilitate communication with the Courtroom Deputy Clerk, counsel should list their facsimile transmission numbers and e-mail address along with their telephone numbers on all papers.

    14. **Notice of This Order:** Counsel for plaintiff shall immediately serve this Order on all parties, including any new parties to the action.  If this case came to the Court by noticed removal, defendant shall serve this Order on all other parties.

**Caveat: If counsel fail to file the required Joint Rule 26(f) Report or the required Pre-Trial documents, or if counsel fail to appear at the Scheduling Conference, the Pre-Trial Conference and/or any other proceeding scheduled by the Court, and such failure is not otherwise satisfactorily explained to the Court: (a) the cause shall stand dismissed for failure to prosecute, if such failure occurs on the part of the plaintiff; (b) default judgment shall be entered if such failure occurs on the part of the defendant; or (c) the Court may take such action as it deems appropriate.**

DATED: December 16, 2009

_____
JOHN F. WALTER
UNITED STATES DISTRICT JUDGE