|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | PRIORITY SEND<br>JS-6 |

### CIVIL MINUTES -- GENERAL

Case No.  **CV 09-9055-JFW (AGRx)**                                       Date: December 29, 2009

Title:        Moon Sup Um -v- Bank of America Corporation, et al.

---

**PRESENT:**

   HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**          **ATTORNEYS PRESENT FOR DEFENDANTS:**
                  None                                                                            None

**PROCEEDINGS (IN CHAMBERS):**     ORDER REMANDING CASE TO LOS ANGELES SUPERIOR COURT

    On October 28, 2009, Plaintiff Moon Sup Um ("Plaintiff") filed an action against Defendants Bank of America Corporation, Mortgage Electronic Registration Systems, Inc., and ReconTrust Company, N.A. (collectively, "Defendants") in Los Angeles Superior Court. On December 9, 2009, Defendants filed a Notice of Removal of Action to Federal Court Based on Diversity Jurisdiction ("Notice of Removal"). In the Notice of Removal, Defendants claim that this Court has subject matter jurisdiction over this action on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332, because non-diverse Defendant ReconTrust Company, N.A. had been fraudulently joined. Notice of Removal, ¶ 8.

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The "burden of establishing federal subject matter jurisdiction is on the party seeking removal." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). An action may be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The removal statute is 'strictly construed against removal jurisdiction and any doubt must be resolved in favor of remand.'" *Hofler v. Aetna US Healthcare of Cal., Inc.*, 296 F.3d 764, 767 (9th Cir. 2002) (*quoting Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)).

    Moreover, the removing party must strictly comply with the removal statute. Any doubts about the right to remove are resolved against removal. The removing party has the burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992). A defendant seeking removal must file a notice of removal containing a short and plain statement of

the grounds for removal, together with a copy of all process, pleadings, and orders served on the defendant. 28 U.S.C. § 1446(a). "[A]ll defendants must join a notice of removal . . . and a proper removal notice must be filed within 30 days of service of the plaintiff's complaint." *Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998); 28 U.S.C. § 1446(b). "Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999). Any defects in the removal can only be cured within that same period. *Id.* (finding that neither defendants' joinder in removal after the 30-day period nor defendants' challenge to the sufficiency of process satisfied the unanimity requirement).

In this case, Defendants argue that the citizenship of Defendant ReconTrust Company, N.A., should not be considered in determining whether this Court has jurisdiction because this defendant was fraudulently joined. The basic requirement for jurisdiction in diversity cases is that all plaintiffs be of different citizenship than all defendants. *See Strawbridge v. Curtiss,* 7 U.S. 267 (1806); *see also Munoz v. Small Business Administration*, 644 F.2d 1361, 1365 (9th Cir. 1981) (noting that "[d]iversity jurisdiction requires that the plaintiffs and each defendant be citizens of different states"). Even where the complete diversity requirement is met, removal is not permitted where one of the defendants is a "citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). However, if the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the *settled* rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (emphasis added). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. *See, e.g., Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is *any possibility* that the plaintiffs may prevail on the cause of action against the in-state defendant. *See id.* at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a *possibility* that they may do so." *Lieberman v. Meshkin, Mazandarani*, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996) (emphasis added). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" *Id.* at 1008 (quoting *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42-43 (5th Cir. 1992)). Moreover, any doubts concerning the sufficiency of a cause of action due to inartful, ambiguous, or technically defective pleading must be resolved in favor of remand. *See id.*

Defendants argue that Defendant ReconTrust Company, N.A., was fraudulently joined because Plaintiff has "failed to state a cause of action against ReconTrust and such a failure is obvious according to the settled rules of the state." Notice of Removal at ¶ 8. The Court disagrees with Defendants, and upon review of Plaintiff's Complaint, finds that Defendants have failed to satisfy their heavy burden of demonstrating that there is no possibility that Plaintiff will be able to prevail on the merits of their claims against Defendant ReconTrust Company, N.A. Accordingly, Defendants have failed to demonstrate that Defendant ReconTrust Company, N.A. was fraudulently joined and this matter must be remanded because complete diversity of citizenship is lacking.

In addition, when, as in this case, "the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds [$75,000]." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). "The district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy. If not, the court may consider facts in the removal petition, and may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Id.* at 377 (quoting *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335-36 (5th Cir. 1995)); *see also Valdez v. Allstate Ins. Co.* 372 F.3d 1115, 1117 (9th Cir. 2004) ("Since it [was] not facially evident from the complaint that more than $75,000 [was] in controversy, Allstate should have prove[n], by a preponderance of the evidence, that the amount in controversy [met] the jurisdictional threshold.") (internal quotation omitted). "Conclusory allegations as to the amount in controversy are insufficient." *Matheson v. Progressive Specialty Ins.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). Defendants have failed to provide the Court with any evidence of the value of Plaintiff's property, the value of Plaintiff's equity in the property, or the amount Plaintiff owes the Defendants on the loan at issue, and, instead, simply states without support that "[t]he value of the object of this litigation – plaintiff's home – is well over $75,000." Notice of Removal, ¶ 9. However, as detailed above, without any evidence from either Plaintiff or Defendants as to the value of the property at issue or the amount still due on the loan, it is impossible for the Court to calculate the amount. In the absence of any evidence regarding the value of the object of the litigation, the Court finds that Defendants have failed to meet their burden of proving by a preponderance of evidence that the amount in controversy exceeds $75,000.

Furthermore, Defendants have provided no evidence as to the dates on which each of them was served with the Summons and Complaint in this action. Instead, Defendants simply state that they "became aware of service on November 17, 2009." Notice of Removal, ¶ 10. Therefore, it is impossible for the Court to determine if the Notice of Removal was timely filed. *McAnally Enterprises, Inc. v. McAnally*, 1007 F.Supp. 2d 1223, 1230 (C.D. Cal. 2000) (holding that 30-day removal period runs for all defendants from the date the first defendant is served with the complaint). Accordingly, Defendants have failed to file a proper removal notice. *See, e.g., Leuzzi v. Dollar Tree Stores, Inc.*, 2005 WL 2972982, *2 (E.D. Pa. Nov. 4, 2005) (remanding case and holding that "[a]lthough it is now clear that all defendants want this case to remain in federal court, the fact that they did not comply with the notice of removal's strict statutory requirements cannot be overlooked" where removing defendant did not include consent to removal by all defendants in its notice of removal).

For the foregoing reasons, the Court **REMANDS** this action to Los Angeles County Superior Court. *See,* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.